IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAURA A. ELROD                                                                                              PLAINTIFF

vs.                                              Civil No. 5:22-cv-05222

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION                                                                                          DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 23. With this Motion, Plaintiff seeks an EAJA award of $6,954.05.[1] *Id.* Defendant has responded to this Motion and raises no objections, apart from seeking a small reduction from 2023. ECF No. 26.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy L. Brooks referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1.      Background:**

Laura A. Elrod ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On June 8, 2023, Plaintiff's case was reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF Nos. 21-22.

---

[1] Plaintiff stated her total fees were $6,883.25. ECF No. 23-1. Upon review of her itemized statement, however, the Court finds the total requested to actually be $6,954.05.

On July 8, 2023, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 23. With this Motion, Plaintiff requests an award of attorney's fees in the total amount of $6,954.05. *Id.* This amount includes 5.25 hours of attorney work from 2022 at an hourly rate of $221.00 and 24.55 hours of attorney work from 2023 at an hourly rate of $236.00. *Id.* Plaintiff also requested costs of $402.00 for the filing fee. *Id.* In response, Defendant does not object to any part of Plaintiff's application, apart from seeking a 0.60 hour reduction from 2023. ECF No. 26.

**2.   Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.      Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 21-22. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 23. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $6,954.05. ECF No. 23. This amount includes 5.25 hours of attorney work from 2022 at an hourly rate of $221.00 and 24.55 hours of attorney work

3

from 2023 at an hourly rate of $236.00. *Id.* These requested hourly rates for attorney work are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates for 2022 and 2023. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the attorney hourly rates of $221.00 (2022) and $236.00 (2023) are authorized by the CPI-South Index for those years. Thus, the Court recommends those amounts be awarded.

The Court has also reviewed Plaintiff's request for 5.25 hours of attorney work from 2022 and 24.55 hours of attorney work from 2023. Defendant argues these hours should be reduced by 0.60 hours for "preparing her own extension motion and reviewing the order granting the extension." ECF No. 26. Upon review, the Court declines to reduce the requested hours by 0.60. Indeed, based upon Plaintiff's Motion, the Court finds her requested hours are reasonable and should be granted.

As for payment, attorney's fees must be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 560 U.S. 586 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.      Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Motion for Attorney's Fees (ECF No. 23) be **GRANTED**, and Plaintiff be awarded **$6,954.05**. This amount includes 5.25 hours of attorney work from 2022 at an hourly rate of $221.00 and 24.55 hours of attorney work from 2023 at an hourly rate of $236.00. The Court also awards the requested costs of **$402.00.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

    **ENTERED this 19th day of July 2023.**

                                                  /s/ *Barry A. Bryant*
                                                  HON. BARRY A. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE